**NOT FOR PUBLICATION**

<u>**UNITED STATES DISTRICT COURT**</u>
<u>**FOR THE DISTRICT OF NEW JERSEY**</u>

_____
                                    :
MICHAEL PAUL MCDANIEL,              :
                                    :  Civil Action No. 12-2102 (PGS)
          Petitioner,               :
                                    :
     v.                             :  **<u>M E M O R A N D U M</u>**
                                    :  **<u>O P I N I O N</u>**
CHARLES C. WARREN, JR., et al.,     :  **<u>A N D</u>**
                                    :  **<u>O R D E R</u>**
          Respondents.              :
_____:

This matter comes before the Court upon filing of a petition by Michael Paul McDaniel (Petitioner) for a writ of habeas corpus ("Petition"), Docket Entries Nos. 1 and 1-2, pursuant to 28 U.S.C. § 2254. The Petitioner asserts that he has already served his "maximum" sentence, and that the New Jersey Department of Corrections ("DOC") unduly holds Michael Paul McDaniel in custody. Petitioner also asserts that the exhaustion requirement was inapplicable to his instant § 2254 challenge, since he was challenging an administrative execution of his sentence.

Michael Paul McDaniel's public record at the DOC website corresponding to his current prison number indicates that he was convicted on July 1, 2011 in the Superior Court of New Jersey, Law Division, Monmouth County, on weapons offenses. In addition, Petitioner was convicted on September 23, 2011, in the Superior

Court of New Jersey, Law Division, Ocean County, on controlled substance offenses.

See <https://www6.state.nj.us/DOC_Inmate/details?x=1191799&n=5> Each sentence was a three-year term. The Petition asserts that the Monmouth County sentence was ordered to run concurrent to the Ocean County sentence, allegedly with a "403 days gap-time credit," but that credit was not honored by the DOC in violation of the sentence expressly imposed by Michael Paul McDaniel's state sentencing judge. Docket Entry No. 1-2.

Petitioner asserts that the exhaustion requirement does not apply to his Petition. However, this assertion is facially frivolous, and warrants this Court's recital of the previous warning given to Plaintiff by Judge Wigenton that such allegations might be construed as abuse of writ and, therefore, subject Petitioner to sanctions, if warranted. However, the Court finds it warranted to grant Petitioner the benefit of the doubt and explains below the exhaustion requirement which is to be applied to § 2254 petitions.

The Exhaustion Requirement

A state prisoner applying for a writ of habeas corpus in a federal court must first "exhaust the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or . . . circumstances exist that render such process ineffective."  28 U.S.C. § 2254(b)(1); see also Rose

v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts"). In fact, exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886). While exhaustion is not a jurisdictional requirement, it is designed to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. See Granberry v. Greer, 481 U.S. 129, 131, 134-35 (1987); Rose v. Lundy, 455 U.S. 509, 516-18 (1982). Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. See Rose, 455 U.S. at 519.

A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Lambert v. Blackwell, 134 F.3d 506, 513

(3d Cir. 1997) (collateral attack in state court is not required if the petitioner's claim has been considered on direct appeal); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented"). Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement [*13] is satisfied. See Castille v. Peoples, 489 U.S. 346, 350 (1989); Picard v. Connor, 404 U.S. 270, 275 (1971). The petitioner generally bears the burden to prove all facts establishing exhaustion. See Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. Picard, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual basis must also be the same. See id. at 277.

Failure to exhaust may be excused on the basis that state process is unavailable, but "state law must clearly foreclose state court review of unexhausted claims." Toulson, 987 F.2d at 987. In alternative, the Court of Appeals observed that, "if a prisoner could establish that the activities of the state authorities made the prisoner's resort to the state procedures in effect

4

unavailable, exhaustion would be excused." Mayberry v. Petsock, 821 F.2d 179, 184 (3d Cir.), cert. denied, 484 U.S. 946 (1987).

Generally, district courts should dismiss petitions containing unexhausted claims in the absence of a state court decision clearly precluding further relief, even if it is not likely that a state court will consider the claims on the merits. See Rose v. Lundy, 455 U.S. at 522; Banks v. Horn, 126 F.3d 206, 212-14 (3d Cir. 1997); see also Toulson, 987 F.2d at 989 ("Because no [New Jersey] court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default, we hold that the district court should have dismissed the petition without prejudice for failure to exhaust state remedies").

Notably, New Jersey law provides an absolute right to appeal any action or decision of a state administrative agency to the Superior Court, Appellate Division, under: (a) the State Constitution, N.J. Const. Art. VI, Sec. 5, para. 4, see Trantino v. New Jersey State Parole Board, 166 N.J. 113, 172, modified on other grounds, 167 N.J. 619 (2001); and (b) the New Jersey Court Rules. See N.J. Ct. Rule 2:2-3(a)(2). This procedure allows for appeals from "inaction as well as action of a State administrative agency." Trantino v. New Jersey State Parole Board, 296 N.J. Super. 437, 459-460 (N.J. Super. Ct. App. Div. 1997), modified on other grounds and affirmed, 154 N.J. 1 (1998); Johnson v. State Parole Board, 131

N.J. Super. 513, 517-18 (N.J. Super. Ct. App. Div. 1974), <u>certif. denied</u>, 67 N.J. 94 (1975); <u>see</u> <u>also</u> <u>Petrucelli v. Dep't of Civ. Service</u>, 28 N.J. Super. 572, 575 (N.J. Super. Ct. App. Div. 1953) ("The import of the rule embraces official administrative conduct of a negative character as well, such as, for example, the refusal to consider a meritorious petition, or to conduct a hearing, or to render any decision in a controversial cause").

Here, Michael Paul McDaniel asserts that the DOC is erroneously executing his concurrent state sentences (imposed, seven and ten months ago, by the Monmouth and Ocean County Divisions of the Superior Court of New Jersey, Law Division). It is self-evident, and Petitioner concedes, that he did not exhaust his state remedies. Moreover, in light of Michael Paul McDaniel's assertion that the DOC willfully ignored the sentencing directives of his state judge, his challenges are uniquely suited for resolution by state courts, and it would be a clear violation of the policies of comity and federalism by this Court to deny state courts the first opportunity to pass upon Petitioner's federal constitutional claims.

Therefore, Michael Paul McDaniel's challenges in the instant matter are dismissed, without prejudice, as unexhausted, since he has failed to establish that either "there is an absence of available State corrective process[] or . . . circumstances exist that render such process ineffective." 28 U.S.C. § 2254(b)(1).

The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id. Here, the Court is persuaded that reasonable jurists would not debate the correctness of this Court's conclusion that Petitioner's challenges are subject to dismissal, as unexhausted.

IT IS, therefore, on this 25th day of July, 2012,

ORDERED that Petitioner's application to proceed in this matter in forma pauperis, Docket Entry No. 1-1, is granted; and it is further

ORDERED that the Petition, Docket Entry No. 1, is dismissed without prejudice, as unexhausted; and it is further

ORDERED that no certificate of appealability shall issue; and it is further

ORDERED that Petitioner's application requesting expedited adjudication of this matter, Docket Entry No. 2, is dismissed as moot; and it is finally

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by regular U.S. mail and close the file on this matter.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

July 25, 2012